IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V. | * | CASE NO. 4:18CR00307-02 SWW |
| | * | 4:21CV00624 SWW |
| **CURTIS DARNELL GUY** | * | |

### ORDER

Before the Court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (*Doc. 64*) by Defendant Curtis Darnell Guy, and the United States' response in opposition. *Doc. 67*. After careful consideration, and for reasons that follow, the motion is denied.[1]

### I. Background

On July 20, 2019, Mr. Guy waived indictment and pleaded guilty to a one-count, superseding information that charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *Docs 45, 46*. On November 22, 2019, the Court sentenced Mr. Guy to 180 months' imprisonment, followed by

---

[1] The Court finds that an evidentiary hearing is unnecessary, because "the motion and the files and records of the case conclusively show that [Defendant Guy] is entitled to no relief." 28 U.S.C. § 2255(b).

three years' supervised release.  *Doc. 54*.  Mr. Guy did not appeal his conviction or sentence.

On July 14, 2021, Mr. Guy filed the present motion under § 2255.  He challenges the legality of his sentence, contending that it exceeds the statutory maximum penalty under 18 U.S.C. § 922(g). He also claims that his attorney provided him ineffective assistance of counsel by (1) failing to object to the sentence imposed at sentencing and (2) failing to appeal the sentence.

## II.  Discussion

### A.  Legality of Sentence

Mr. Guy argues that his sentence is excessive in violation of his right to due process because the statutory maximum sentence for a violation of § 922(g)(1) is a ten-year (120-month) prison term under 18 U.S.C. § 924(g)(2). Mr. Guy overlooks that he qualified as an armed career criminal and was therefore subject to an enhanced sentence under 18 U.S.C. § 924(e)(1), which carries a fifteen-year (180-month) mandatory minimum sentence.

Before Mr. Guy pleaded guilty to the superseding information, the Court informed him that, depending on his criminal history, it was possible that his sentencing range would change and that sentencing penalties would apply, and those penalties were explained to Mr. Guy.

After Mr. Guy's guilty plea, in the course of preparing a presentence report, the United States Probation Office discovered an additional conviction that qualified Mr. Guy as an armed career criminal. Initially, Mr. Guy's attorney, Mr. Ron Davis, objected to the inclusion of the additional conviction, but at the sentencing hearing, Mr. Davis reported that Mr. Guy had acknowledged the additional conviction, and he withdrew the objection.

With a total offense level of 31 and a criminal history category of VI, Mr. Guy's sentencing range under the United States Sentencing Guidelines was 188 to 235 months in prison. At sentencing, Mr. Davis requested that the Court impose a statutory minimum sentence of 180 months, and the Court did so.

Mr. Guy's illegal sentence claim is without merit, and as the Government asserts, it is also time-barred under the one-year statute of limitations under 28 U.S.C. § 2255(f) and waived under the terms of his plea agreement. See *Doc. 48 at 2-3*.

The record conclusively shows that Mr. Guy is entitled to no relief on this claim.

**B. Ineffective Assistance of Counsel for Failure to Object to Sentence**

To establish ineffective assistance of counsel, Defendant must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice--that but for counsel's

unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984). In order to satisfy the prejudice requirement, Defendant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985). For reasons the Court has explained in connection with Mr. Guy's underlying claim that he received an illegal sentence, he is unable to demonstrate that absent Mr. Davis's alleged errors, the result of his sentencing proceeding would have been different.

The record conclusively shows that Mr. Guy is entitled to no relief on this claim.

### C. Ineffective Assistance of Counsel for Failure to Appeal

After sentencing Mr. Guy, the Court explained to him that he had a right to appeal his sentence if he believed it was contrary to law or an abuse of discretion. The Court informed Mr. Guy of his right to an attorney and to have a notice of appeal filed on his behalf and that the Clerk would prepare and file a notice of appeal at his request. The Court emphasized to Mr. Guy that he was required to file a notice of appeal within fourteen days from entry of the judgment. The Court asked Mr. Davis to discuss the right to appeal with his client, and Mr. Davis responded that he would do so.

With his petition, Mr. Guy alleges that he verbally requested that Mr. Davis file a notice of appeal challenging his "180-month illegal sentence." *Doc 64, at 13*. Mr. Guy does not say when he requested that Mr. Guy file a notice of appeal, nor does he provide any details regarding his request.

Mr. Davis has submitted an affidavit, stating that he met with Mr. Guy on July 11, 2019; July 30, 2019 (the day Mr. Guy pleaded guilty); and November 20, 2019 (the day after sentencing). Mr. Davis states that during these meetings, he explained applicable sentencing ranges to Mr. Guy and told him that pursuant to the plea agreement, he would not be able to appeal his sentence. *Doc. 67-3*. Mr. Davis states that after the sentencing hearing, he informed Mr. Guy that he had received the lowest sentence possible and that he had no basis for an appeal. Mr. Davis states: "At no time did Mr. Guy request that I appeal the 180-month sentence he received in this matter." *Id., ¶ 5*.

"An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citations omitted). Nevertheless, "the petitioner must show that he made his desire to appeal evident to his attorney, and a bare assertion by the petitioner that he made the request is not by itself sufficient evidence if the factfinder finds more credible

5

evidence that indicates to the contrary." *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002).

Under most circumstances, a credibility determination requires a hearing. An evidentiary hearing may be denied, however, if the motion, files, and record of the case conclusively show that the movant is not entitled to relief. 28 U.S.C. § 2255(b). The court may find the record conclusive if either "(1) the [petitioner's] allegations, accepted as true, would not entitle the [petitioner] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Buster v. United States,* 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States,* 341 F.3d 720, 722 (8th Cir.2003)) (internal quotation marks omitted).

Here, Mr. Guy's bare assertion that he asked Mr. Davis to appeal his sentence is unsupported by the record. Mr. Davis's account of discussions with Mr. Guy are entirely consistent with the history of this case as reflected in the record. Furthermore, the Court clearly informed Mr. Guy at sentencing about his right to appeal and that if he chose to do so, he was required to file a notice of appeal within fourteen days. It is inherently incredible to think that Mr. Guy would wait nearly two years to raise the issue of an appeal if he had actually intended to appeal his sentence and had communicated his intent to Mr. Davis.

The record conclusively shows that Mr. Guy is entitled to no relief on this claim.

### III.   Conclusion

For the reasons stated, Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (*Doc. 64*) is DENIED.

IT IS SO ORDERED THIS 13TH DAY OF AUGUST, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE