IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                        Case No. 4:18-cr-00307-02-KGB

CURTIS DARNELL GUY                                                            DEFENDANT

### ORDER

Before the Court is a second motion for compassionate release purportedly filed on behalf of defendant Curtis Darnell Guy (Dkt. No. 103). The government responded in opposition to the motion (Dkt. No. 107). Mr. Guy then filed a motion to withdraw the second petition for compassionate release due to unauthorized filing by an unauthorized third party (Dkt. No. 108).

In his motion to withdraw the second petition for compassionate release, Mr. Guy represents that he did not give or grant anyone permission or power of attorney to file any type of petition, motion, or document on his behalf (*Id.*). For good cause shown, the Court grants Mr. Guy's motion to withdraw the second petition for compassionate release (*Id.*).

For this reason, the Court denies as moot Mr. Guy's second motion for compassionate release (*Id.*). Even if Mr. Guy intended to file the second motion for compassionate release, the Court would deny it without prejudice for failure to exhaust administrative remedies, which the government raises and asserts in its response opposing Mr. Guy's second motion for compassionate release (Dkt. No. 107). A defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Before the passage of the First Step Act ("FSA"), only the federal Bureau of Prisons Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has

permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the government properly raises the exhaustion issue, the court must dismiss the motion without prejudice. *Id.* For this additional reason, the Court denies and dismisses without prejudice Mr. Guy's second motion for compassionate release.

For these reasons, the Court denies as moot and without prejudice Mr. Guy's second motion for compassionate release (Dkt. No. 103). The Court grants Mr. Guy's motion to withdraw the second petition for compassionate release (Dkt. No. 108).

It is so ordered this 16th day of May, 2025.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge