IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                              Case No. 4:18-cr-00307-02-KGB

CURTIS DARNELL GUY                                                                       DEFENDANT

**ORDER**

Before the Court is a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 filed by defendant Curtis Darnell Guy (Dkt. No. 109).  For the following reasons, the Court denies the motion.

As a general matter, the Federal Rules of Civil Procedure apply in 28 U.S.C. § 2255 proceedings.  *United States v. Harrison,* 469 F.3d 1216, 1217 (8th Cir. 2006); *United States v. Hernandez,* 436 F.3d 851, 856–57 (8th Cir. 2006).  That statement is subject to an exception where a civil rule is inconsistent with the statute, *see* Rule 12, *Rules Governing Section 2255 Proceedings for the United States District Courts*.

"Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." *Chapman v. Hiland Partners GP Holdings, LLC*, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)).  Courts are not allowed to extend the 28-day deadline, *Id.* (citing Fed. R. Civ. P. 6(b)(2)), and the additional three days for mailing provided in Federal Rule of Civil Procedure 6(e) are inapplicable to a Rule 59(e) motion.  *Arnold v. Wood*, 238 F.3d 992, 995 n.2 (8th Cir. 2001).  Where the motion is untimely, a federal court lacks jurisdiction to consider it, *United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 743 (8th Cir. 2014), so an untimely Rule

59(e) motion must be denied for lack of jurisdiction. Here, Mr. Guy's motion to alter or amend the judgment which was filed on May 1, 2024, was filed more than 28 days after Judgment was entered by the district court on October 25, 2021, and on appeal on May 5, 2022 (Dkt. Nos. 81; 90; 109). For these reasons, the motion is untimely. The Court lacks jurisdiction to consider it and denies Mr. Guy's Rule 59(e) motion (Dkt. No. 109).

To the extent this Court construes Mr. Guy's motion as filed under Federal Rule of Civil Procedure 60(b), such motions may be filed after the 28-day time period, but only if the motion satisfies one of several enumerated grounds for relief under the Rule. *EEOC v. Siouxland Oral Maxillofacial Surgery Assocs., L.L.P.*, 578 F.3d 921, 928 (8th Cir. 2009) (citing *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488–89 & n.1 (8th Cir. 1992)). Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: mistake, inadvertence, surprise, or excusable neglect, *id.* (b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, *id.* (b)(2); fraud, misrepresentation, or misconduct by an opposing party, *id.* (b)(3); the judgment is void, *id.* (b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, *id.* (b)(5); and any other reason that justifies relief, *id.* (b)(6).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. *Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 487 (8th Cir. 2000) (quoting *Hepper v. Adams Cnty.*, 133 F.3d 1094, 1096 (8th Cir. 1998)). A Rule 60(b) motion is not for the purpose of rearguing, more fully, the merits of a claim. *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed

with disfavor and are addressed to the Court's discretion. *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984).

Mr. Guy through his arguments in the current motion challenges the Court's rulings in its Orders denying Mr. Guy's initial motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 and denying Mr. Guy's request to issue a certificate of appealability (Dkt. Nos. 68; 71). Mr. Guy took an appeal of that decision, and the United States Court of Appeals for the Eighth Circuit denied a certificate of appealability and dismissed the appeal (Dkt. Nos. 72; 74; 81–82). Even if this Court construes Mr. Guy's motion as one brought pursuant to Rule 60(b), the Court determines that Mr. Guy is not entitled to the relief he seeks based on the record in this case. For these reasons, the Court denies Mr. Guy's motion to to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) and pursuant to Federal Rule of Civil Procedure 60(b).

It is so ordered this 16th day of May, 2025.

_____
Kristine G. Baker
Chief United States District Judge